IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

SARAH S. CARMICKAL, A/K/A
SARAH S. HENRY,
an individual,

Case #: 11-CC-003941

    Plaintiff,

v.

CREDITORS FINANCIAL GROUP, LLC,
a foreign limited liability company,

    Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, SARAH S. CARMICKAL A/K/A SARAH S. HENRY ("Plaintiff"), by and through the undersigned counsel, and sues Defendant, CREDITORS FINANCIAL GROUP, LLC. ("Defendant"), and alleges:

### PRELIMINARY STATEMENT

This is an action for actual and statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter the "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et. seq. (hereinafter the "FDCPA").

### JURISDICTION & VENUE

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statute § 559.77 and 15 U.S.C. §1692k(d).

EXHIBIT "A"

3. At all material times herein, the conduct of the Defendant, complained of below, occurred in Polk County, Florida.

4. At all times herein, the Plaintiff is an individual residing in Polk County, Florida.

5. Defendant is a foreign limited liability company existing under the laws of the State of New York that, itself and through its subsidiaries, regularly collects debts allegedly due to another from consumers in Polk County, Florida.

## GENERAL ALLEGATIONS

6. At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Florida Statute § 559.55(6). Defendant regularly uses interstate mails and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts.

7. At all times herein, the Defendant attempts to collect a debt, specifically a consumer credit card account ending in 9074 (hereinafter, "the Debt").

8. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

9. At all times herein, the Defendant was a "person" pursuant to Florida Statute §559.72. *See* Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

10. At all times herein, the Defendant acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. All conditions precedent to the filing of the action occurred or have been

waived by the Defendant.

12. Sometime in late September and early October 2010, a male representative of Defendant's contacted Plaintiff's employer, store manager Ms. Sarah T. Caraway, at Plaintiff's place of employment in an attempt to collect the Debt.

13. The unidentified representative requested that Ms. Caraway provide him with Plaintiff's personal information.

14. Ms. Caraway advised Defendant's representative that she would not provide him with that information and advised that Plaintiff is unable to receive personal calls at her place of employment. Please see attached a true and correct copy of a letter from Ms. Caraway describing the aforementioned conversation labeled Exhibit "A" and an affidavit of Ms. Caraway labeled Exhibit "B1-B2."

15. Despite being advised that Plaintiff was unable to receive personal calls at her place of employment, on or about November 26, 2010, at approximately 11:00 a.m. ET, Defendant's unidentified representative contacted Plaintiff at her place of employment in an attempt to collect the Debt.

16. Plaintiff advised Defendant's representative that she was unable to receive personal calls at her place of employment, further advised to not call her again at her place of employment, and ended the conversation shortly thereafter.

17. Immediately following the aforementioned call and despite being advised by both Ms. Caraway and Plaintiff that Plaintiff was unable to receive personal calls at her place of employment, Defendant's representative, "Ms. Huff" called back almost immediately thereafter attempting to speak with Plaintiff's supervisor in an attempt to collect the Debt.

18. Ms. Huff spoke with Plaintiff's immediate supervisor, "Tammy Dickenson," and requested that Ms. Dickenson verify Plaintiff's employment. Ms. Dickenson provided Ms. Huff with a phone number to call for employment verification.

19. Ms. Huff requested that Ms. Dickenson transfer her to Plaintiff and further advised Ms. Dickenson of the earlier call with Plaintiff as mentioned in paragraphs 15 and 16 of this complaint.

20. Ms. Dickenson advised Ms. Huff that she would not transfer her to Plaintiff and that the matter Ms. Huff is calling about is between Plaintiff and Defendant and Plaintiff's place of employment should not be involved or called. Please see attached a true and correct copy of the letter from Ms. Dickenson detailing the aforementioned conversation labeled Exhibit "C" and an affidavit of Ms. Dickenson labeled Exhibit "D1-D2."

21. Ms. Huff then requested for Ms. Dickenson to take a message and pass it along to Plaintiff for a return call, provided call back number of 877.298.2251, extension 3348, and ended the conversation shortly thereafter. Please see attached a true and correct copy of the message Ms. Dickenson took for Plaintiff labeled Exhibit "E."

22. Despite being advised that Plaintiff was unable to receive personal calls at her place of employment, on or about December 6, 2010, at approximately 11:00 a.m. ET, Defendant's representative again contacted Plaintiff at her place of employment in an attempt to collect the Debt.

23. For the fourth time, Defendant was advised that Plaintiff was unable to receive personal calls at her place of employment, further advised to not call her again at her place of employment, and ended the conversation shortly thereafter.

24. Despite being advised repeatedly that Plaintiff was unable to receive personal calls at her place of employment, on or about January 31, 2011, at approximately 9:55 a.m. ET, Defendant's representative, "Jessica," contacted Plaintiff at her place of employment in an attempt to collect the Debt.

25. Jessica advised Plaintiff that she was calling in reference to the Debt. Plaintiff advised Jessica that she was unable to receive personal calls at her place of employment, advised Jessica that Defendant had been asked to cease calling Plaintiff at her place of employment, and advised to not call her again at her place of employment. Plaintiff ended the conversation shortly thereafter.

26. The Plaintiff has retained Leavengood & Nash for the purpose of pursuing this matter against the Defendant and is obligated to pay their attorneys a reasonable fee for their services.

27. As a direct result of Defendants' actions, the Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear of loss of Plaintiff's job, confusion and loss of sleep, believing that telling Defendant to cease calling Plaintiff at Plaintiff's place of employment was not enough, and that the frequent, repeated debt collection attempts at Plaintiff's place of employment would simply have to be endured.

28. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages plus actual damages, punitive damages, and an award of attorneys' fees and costs to the Plaintiff should the Plaintiff prevail in this matter against Defendant.

29. United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages plus actual damages, punitive damages and an award of attorneys' fees to the Plaintiff should the Plaintiff prevail in this matter

against Defendant.

30. As of the date of this complaint, the Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE §559.72(4)

The Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

31. The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(4) by communicating or threatening to communicate with Plaintiff's employer without Plaintiff's consent or first obtaining a final judgment against the Plaintiff.

32. Specifically, during late September 2010 and early October 2010, Defendant's representatives contacted Plaintiff's place of employment and spoke with Plaintiff's employer, store manager Sarah T. Caraway, in an attempt to collect the Debt. Defendant was advised that Plaintiff could not received personal calls are her place of employment and to no longer call Plaintiff's place of employment.

33. Further, on or about November 26, 2010, Defendant's agent or representative, Ms. Huff, contacted Plaintiff's place of employment and spoke with Plaintiff's immediate supervisor, Tammy Dickenson, in an attempt to collect the Debt.

34. Defendant did not have Plaintiff's consent to call her at Plaintiff's place of employment and did not have a judgment against Plaintiff.

35. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE §559.72(7)

The Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

36. The Defendant is subject to, and has violated provisions of, Florida Statute §559.72(7) by collecting consumer Debts from the Plaintiff through means which can reasonably be expected to abuse or harass the Plaintiff.

37. Specifically, despite knowing or should have known that it did not have the right to do so, Defendant intentionally called Plaintiff at Plaintiff's place of employment, and spoke with Plaintiff's employers, in an attempt to scare Plaintiff into paying off the Debt.

38. The Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statute § 559.72(7).

39. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by Florida Statute §559.77.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, punitive damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. §1692c(a)(1)

The Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

40.     The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1692c(a)(1) by communicating with Plaintiff at a time or place known or which should be known to be inconvenient to Plaintiff.

41.     Specifically, Defendant knew or should have known that Plaintiff was unable to receive personal calls at her place of employment. Further, Defendant knew or should have known that contacting Plaintiff at her place of employment was an inconvenient time and place for the Plaintiff to discuss personal matters, including discussions regarding the Debt.

42.     As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, punitive damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. §1692c(a)(3)

The Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

43.     The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1692c(a)(3) by communicating with Plaintiff at Plaintiff's place of employment despite

Defendant knowing or having reason to know or actual knowledge that such communications are prohibited by Plaintiff's employer.

41. Specifically, despite Defendant being advised repeatedly by Plaintiff, Plaintiff's store manager, Sarah T. Caraway, and Plaintiff's immediate supervisor, Tammy Dickenson, that Plaintiff is unable to receive personal calls at Plaintiff's place of employment, Defendant continued to contact Plaintiff at her place of employment in an attempt to collect the Debt.

42. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692k.

**WHEREFORE**, the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, punitive damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE: FAIR DEBT COLLECTION PRACTICES ACT – VIOLATION OF 15 U.S.C. §1692d(5)

The Plaintiff re-alleges paragraphs one (1) through thirty (30) as if fully restated herein and further states as follows:

43. The Defendant is subject to, and has violated the provisions of, 15 U.S.C. §1692d(5) by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly with the intent to annoy, harass or abuse any person at the called number.

44. Specifically, despite Defendant being told repeatedly by Plaintiff not to call Plaintiff's place of employment, Defendant continued to call Plaintiff's place of employment in an attempt to harass the Plaintiff into paying off the Debt.

45. Additionally, on at least one occasion, Defendant immediately called

Plaintiff back at Plaintiff's place of employment after Plaintiff ended the call with Defendant in an attempt to harass the Plaintiff into paying off the Debt.

46. As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained damages as defined by 15 U.S.C. 1692k.

**WHEREFORE,** the Plaintiff requests this Court enter a judgment against Defendant for statutory damages, punitive damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

47. Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,
**LEAVENGOOD & NASH**

☒ Ian R. Leavengood, Esq., FBN 10167
☐ **Heather M. Fleming, Esq., FBN 25971**
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
hfleming@leavenlaw.com
Attorneys for Plaintiff